```
       IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

    v.                                      CRIMINAL NO. 1:15-CR-76 (KLEEH)

**JAMES MICHAEL CONLEY,**

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS DUE TO PENDENCY OF APPEAL

On November 18, 2022, the pro se Petitioner, James Michael Conley ("Conley"), filed a motion under 28 U.S.C. § 2255 to modify or reduce his sentence. ECF No. 147. On March 9, 2023, Conley filed his Notice of Appeal of this Court's Judgment for Revocation of Supervised Release. ECF No. 149. On the same day, Conley filed another pro se motion to modify his sentence and also for credit for time served. ECF No. 151. The Government responded in opposition to Conley's second motion, noting Conley's pending appeal before the Court of Appeal for the Fourth Circuit. ECF No. 158. Following a careful review and for the reasons that follow, the Court **DENIES** his pro se motions [ECF Nos. 147, 151].

### I. BACKGROUND

After he pleaded guilty to Count Two of the Indictment, Distribution of Morphine Within 1,000 Feet of a Protected Location in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860, the

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTIONS DUE TO PENDENCY OF APPEAL**

Court sentenced Conley to 14 months of incarceration and 6 years of supervised release on March 8, 2016. ECF No. 36. Conley commenced supervision on February 23, 2021. Since that time, he has been revoked three times: first on July 25, 20217, second on June 30, 2020, and third on October 25, 2022. Conley filed his notice of appeal of his sentence of revocation of supervised release on March 9, 2023.

On July 20, 2023, Conley, by counsel, filed his Brief of Appellant with the United States Court of Appeals for the Fourth Circuit. ECF No. 15, Appeal No. 23-4160. Therein, he argues one issue on appeal: whether the district court's sentence of Conley to 18 months in prison on his third violation of supervised release was procedurally or substantively unreasonable. Id. at 3. Therein, his counsel argued the district court did not abuse its discretion when it sentenced Conley to 18 months of incarceration. The appeal remains pending before the Fourth Circuit.

Conley's pro se requests before the Court are raised in Brief of Appellant and therefore will be answered by the Fourth Circuit should it address the merits of Conley's appeal. Indeed, in his pro se motions, Conley makes the following requests pursuant to 28 U.S.C. § 2255: reduction of sentence. ECF Nos. 147, 151. He also requests credit for time served. Id.

2

## II. LEGAL STANDARD

"Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014). Only under "exceptional circumstances" should motions to vacate or alter sentences be heard during the pendency of a direct appeal. Bowen v. Johnston, 306 U.S. 19, 27 (1939). "Among these exceptional circumstances are those indicating a conflict between state and federal authorities on a question of law involving concerns of large importance affecting their respective jurisdictions." Id. (citation omitted). A "[m]ovant may not avail himself of collateral relief prior to the final adjudication of his direct appeal." Kiser v. United States, No. 2:06-00151, 2010 WL 4780376, *1 (S.D.W. Va. Nov. 16, 2010).

## III. ANALYSIS

The Court must first determine whether Conley has presented "extraordinary circumstances" compelling the Court to consider his motions under § 2255 during the pendency of his appeal to the Fourth Circuit. The Court finds he has not. Decision on Conley's § 2255 motions would require the Court to rule on matters over which it has no jurisdiction because they are pending before the Fourth Circuit Court of Appeals. Conley raises similar grounds here, i.e. whether the Court's third revocation sentence was

3

reasonable, to his direct appeal and has offered nothing in his motions that demonstrate "exceptional circumstances" for the Court to consider during the pendency of his direct appeal. Conley's motions are denied without prejudice for these reasons.

## IV. APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the Court denies the certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id. The Court finds it inappropriate to issue a certificate of appealability in this matter because Defendant has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). The Court, therefore, **DENIES** issuing a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court **DENIES** Conley's pro se motions. ECF Nos. 147, 151.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to Conley via certified mail, return receipt requested; and to counsel of record by electronic means.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTIONS DUE TO PENDENCY OF APPEAL**

**DATED:** October 10, 2023

*/s/ Tom S. Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

5